SAM PLOTNICK, Plaintiff, *v.* SPIRO THEODORATOS, Appellant, Impleaded with JACOB GETTIN, Respondent, and ERNEST M. SCHAFFNER and Others, Defendants.

First Department, May 29, 1925.

**Liens — mechanic's lien — action to foreclose — right of junior lienor — evidence does not show that junior lienor performed contract or did extra work.**

In this action to foreclose a mechanic's lien, a claim by a junior lienor to a lien was not established, since the evidence does not show that he performed his contract or that he did extra work at the request of the owner as claimed by him.

APPEAL by the defendant, Spiro Theodoratos, from a judgment of the Supreme Court in favor of the defendant Jacob Gettin,

entered in the office of the clerk of the county of New York on the 10th day of July, 1924, upon the decision of the court rendered after a trial at the New York Special Term in an action instituted to foreclose a mechanic's lien upon certain premises.

*Joseph A. Fagnant,* for the appellant.

*Feldman & Feldman* [*Matthew Feldman* of counsel], for the respondent.

MARTIN, J.:

This action was commenced by one Plotnick, a contracting mason. The defendant Gettin, a contracting painter, was made a party defendant as a junior lienor.    At the trial the claim of the plaintiff Plotnick was settled and the action was thereupon severed and discontinued as to him, but continued between the defendant Gettin and the other defendants.

The premises known as 70–72 West Fiftieth street, were about to be altered and the appellant entered into an agreement with the respondent Gettin on December 11, 1922, to do " all painting, both interior and exterior " and " to provide all the materials," for the sum of $3,000.

The respondent alleges that he fully performed his work, but received in payment therefor the sum of $2,500 only.

In addition to the claim for $500 alleged to be due under the contract, respondent seeks to recover the sum of $584 for additional work alleged to have been ordered.

In answer to these claims the appellant says that not only did the respondent do no additional work, but that he failed to perform his contract and that it was necessary for appellant to engage another painter to complete the work at an increased cost to appellant of $840 for which sum there is a counterclaim.

At the close of the case the trial justice announced that he would give judgment for the amount remaining due under the contract but would allow nothing for the alleged extra work.

In proof of performance, respondent relies on the following testimony given by himself: " Q. After you signed this paper what work did you do on the premises in question?    A. I done according to contract.    Q. All the work called for by the plans annexed to the contract?    A. Yes, sir.    *    *    *    Q. Did you do the cornices? A. Yes, sir.    He made me burn up the old paint before I did my work."

This testimony of respondent is uncorroborated and it is of too general and conclusory a character to have much weight.    It was contradicted by witnesses for defendant, one of whom testified: " Q. Can you state from independent recollection some of the items

of work left undone by him? A. He did not finish the painting, all the exterior painting he did not finish — he did not touch. Q. Can you describe it in a general way? A. Cornice, fire escapes, door frames and window frames. By the Court: Q. He said he did some extra work paneling in 26 rooms. Did he do that paneling work? A. No, sir, he did not do the entire work."

Another witness for the defendant, a painter, testified that he did part of the work called for by plaintiff's contract. " Q. Let us see your list. Do you mean to say that all this work was uncompleted when you was there (indicating)? A. Yes, sir. Q. Was this the reasonable value of this work, $1,540? A. Yes, sir."

This witness had prepared an estimate of the cost of the work but failed to obtain the contract. Subsequently he was, as appellant asserts and seems to have proved, employed to finish the work after the respondent had failed to do so. The lienor conceded " that everything * * * on the estimate is embraced in the original contract, reserving his claim that he did it."

If respondent had completed his work it is not probable that another painter would go on the witness stand and produce a list of items, embraced within said estimate which he performed. If respondent did all the work why should another painter be required to finish it?

In addition to the testimony referred to there was other evidence to indicate that respondent had not performed. Payments aggregating $1,000 were made to the painter who finished the work. There was also proof of a letter to respondent notifying him that if he failed to proceed to complete by a date stated other means would be adopted to bring about a completion and he would be charged with damages.

Questions asked of a witness by the trial justice indicate that he may have reached a hasty but unjustified conclusion from the amount paid to the respondent, in view of a provision of the contract that sixty-five per cent was to be paid as the work progressed. One thousand seven hundred and forty-four dollars and sixty cents, evidently referred to by the trial justice as $1,800, is not sixty-five per cent of $3,000, the contract price in the final result.

If the testimony of the lienor as to the extra work was rejected as unreliable, it is difficult to understand why his testimony as to the performance of the contract was accepted as true, in view of the convincing evidence to the contrary.

The trial of a lien action requires a patient investigation of numerous details in order to arrive at a proper result. If given an opportunity, the parties to this litigation might have shown in

detail the work performed. The appellant was probably in a position to prove the items of work which he contended was not finished by the lienor and the cost of each item. In passing, it may not be amiss to say that, while speed in the trial of cases is desirable, justice is essential.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. Settle order on notice.